# Wright *v.* Lehman Township, Appellant.

*Negligence—Township—Snowdrift.*

In an action against a township to recover damages for personal injuries the evidence showed that a snowdrift extended diagonally across a public road, sloping downward and narrowing toward the northern side. Though it was observed almost immediately by the supervisor charged with the care of the road, nothing was done towards removing it, and travelers avoided it, in good part, by driving around the lower end, close by the roadside fence. Successive thawing and freezing for twelve days, while reducing its dimensions, left it with a hard, icy surface. On the night following this period, a sleigh, in which the plaintiff and others were riding, was driven over the road. In the attempt to pass around the drift, it struck the slope, and, sliding down toward the roadside, upset, injuring plaintiff. *Held,* that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Jan. 14, 1902. Appeal, No. 28, Jan. T., 1902, by defendant, from judgment of C. P. Luzerne Co., June T., 1897, No. 271, on verdict for plaintiff in case of Mary Wright and Charles Wright, her Husband, v. Lehman Township. Before Rice, P. J., Beaver, Orlady, Smith, W. W. Porter and W. D. Porter, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Lynch, P. J.

654    WRIGHT v. LEHMAN TOWNSHIP, Appellant.

Statement of Facts—Opinion of the Court. [19 Pa. Superior Ct.

The opinion of the Superior Court states the case.

Verdict and judgment for Mary Wright for $1,000, and for Charles Wright for $118. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Granville J. Clark*, for appellant, cited: Lynn v. Ralpho Township, 186 Pa. 420.

*John M. Garman*, for appellees, cited: Glaub v. Goshen Twp., 7 Kulp, 292; Burrell Twp. v. Uncapher, 117 Pa. 363; Fritsch v. Allegheny, 91 Pa. 228; Lynn v. Ralpho Twp., 186 Pa. 420; McLaughlin v. Corry, 77 Pa. 113; Hookey v. Oakdale Borough, 5 Pa. Superior Ct. 404; Hedricks v. Schuylkill Twp., 16 Pa. Superior Ct. 508.

OPINION BY SMITH, J., March 14, 1902:

It is manifest, from an examination of the evidence, that the trial judge decided rightly in refusing binding instructions for the defendant. A snowdrift extended diagonally across a public road, sloping downward and narrowing toward the northern side.. Though it was observed almost immediately by the supervisor charged with the care of the road, nothing was done toward removing it, and travelers avoided it, in good part, by driving around the lower end, close by the roadside fence. Successive thawing and freezing for twelve days, while reducing its dimensions, left it with a hard, icy surface. On the night following this period, a sleigh, in which the plaintiffs and others were riding, was driven over the road. In the attempt to pass around the drift, it struck the slope, and, sliding down toward the roadside, upset. Mrs. Wright, one of the plaintiffs, was thrown out, and thereby sustained the personal injuries complained of.

The drift was, unquestionably, an impediment to travel, and it was the duty of the township supervisors to abate it, sufficiently, at least, to make travel at that point " easy and convenient," as required by the act of 1836. It was not sufficient, for all purposes, that travelers were able to make a circuitous passage around it. While it may have been safe to take this

course by daylight, the situation after dark was materially different; and the law requires that roads be made reasonably safe by night as well as by day. When the supervisors open a road through a drift on the accustomed line of travel, of a width sufficient for easy and convenient passage, the traveler who goes outside of the way thus opened is himself negligent: Lynn v. Ralpho Twp., 186 Pa. 420. Even had the supervisors, in the present case, opened the route around the drift, the danger of deviating from the usual course of travel is so obvious that it would still remain a question, to be determined by a jury, whether they had discharged their duty in the premises. And it was solely a question for the jury whether, under all the known conditions affecting the safety of travel, the supervisors performed their duty in leaving the public to pass the impediment by the tortuous route opened by travelers. This question was submitted to the jury with adequate instructions, and the verdict is fully warranted by the evidence.

Judgment affirmed.